UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA NGUYEN,<br><br>        Plaintiff,<br><br>    v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>        Defendants. | Case No. 14-cv-5187-JST<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REFERRED TO BANKRUPTCY COURT** |

In this action, Plaintiff Lisa Nguyen brings a claim for violation of the automatic stay provided by 11 U.S.C. § 362. ECF No. 9. Defendant Northwest Trustee Services has filed a motion to dismiss Plaintiff's complaint. ECF Nos. 16, 25.

Neither Plaintiff's complaint, nor Defendant's motion to dismiss, has addressed Northern District General Order 24, available at http://cand.uscourts.gov/generalorders, which states: "This court hereby refers to the bankruptcy judges of this district all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11." Plaintiff's case would appear to arise under Title 11.

The Ninth Circuit has also found that state law claims for violation of an automatic stay are preempted by the Bankruptcy Code and are, therefore, federal claims that should be brought in bankruptcy court. See MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 916 (9th Cir. 1996). Noting the decision in MSR Exploration, in another action for violation of the automatic bankruptcy stay, Judge Edward M. Chen of this district determined that General Order 24 establishes that "the proper course of action [in cases likes these is] to refer th[e] matter to the bankruptcy court." ComUnity Collectors LLC v. Mortg. Elec. Registration Servs., Inc., Nos. C-11-4777 EMC, C-12-0771 EMC, 2012 WL 3249509, at *7 (N.D. Cal. Aug. 7, 2012) (citation omitted).

1    In light of the above, the Court hereby orders the parties to show cause why the Court
2 should not refer this case to bankruptcy court pursuant to General Order 24.
3    The parties shall file written responses to this order within fourteen days from the date of
4 this order.  If the parties fail to file responses by this date, the case will be referred to bankruptcy
5 court.
6    The Court will not consider the motion to dismiss until it determines the case is properly
7 before this Court.  The March 19, 2015 hearing on that motion is hereby vacated.
8    **IT IS SO ORDERED.**
9 Dated:  March 9, 2015

_____
JON S. TIGAR
United States District Judge